UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy Hamilton-Warwick, | Civ. No. 18-443 (PAM/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Volkswagen Group of America, Daimler Trucks, BMW of North America, LLC, Lovelace Respiratory Research Institute, Netflix, Inc., and United States Environmental Protection Agency, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss. For the following reasons, the Motions are granted.

**BACKGROUND**

Plaintiff Amy Hamilton-Warwick brought this lawsuit complaining about the alleged mistreatment of monkeys in an alleged experiment conducted to analyze the effects of diesel exhaust on human health, which she learned about in a Netflix documentary called Dirty Money. She claims that Defendants "acted immorally and illegally under the laws of the United States by abusing and cruely [sic] murdering individuals and animals to demonstrate previously researched and proven circumstances to defraud and further harm U.S. Citizens." (Compl. (Docket No. 1) at 8.) She admits, however, that no monkeys were killed in these alleged experiments. (Id. at 9.)

Defendants are Volkswagen Group of America, Daimler Trucks, BMW of North America, the Lovelace Respiratory Research Institute, the Environmental Protection Agency, and Netflix. Although the Complaint contains no causes of action, Plaintiff quotes from several statutes: 18 U.S.C. §§ 1801, 3283; 42 U.S.C. §§ 1981, 1986; N.M. Stat. Ann. §§ 30-6-1, 30-18-1; and Ohio Rev. Code § 959.13. She also cites one federal regulation, 49 C.F.R. § 801.56. Plaintiff asks that the Court find Defendants "guilty of the charges laid out in the attached documents" and order that Defendants "contribute money to fund the recovery of animals to a group much like the World Wildlife Fund." (Compl. at 4.)

Although Defendants raise several different arguments in support of their Motions, their common arguments are that Plaintiff lacks standing and that her Complaint fails to state any claims on which relief can be granted. They are correct on both arguments.

**DISCUSSION**

**A.     Standing**

As Plaintiff recognizes, federal courts are courts of limited jurisdiction. And while Plaintiff invokes this Court's diversity jurisdiction under § 1332, another component of federal jurisdiction is the requirement that the plaintiff has standing to bring her claims. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). It "is founded in concern about the proper—and properly limited—role of the courts in a democratic society." Warth v. Seldin, 422 U.S. 490, 498 (1975). This Court has no jurisdiction over Plaintiff's claims unless she has standing.

To establish standing to bring a case in federal court, Plaintiff must demonstrate that she has personally suffered a concrete and actual injury that is traceable to Defendants' conduct and likely to be redressed by a favorable federal court decision. Lujan, 504 U.S. at 560; see also Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff fails at each step of the standing inquiry.

First, the only personal injury Plaintiff alleges is that she is upset and "disappointed" by Defendants' alleged conduct. (Compl. at 15.) But her disappointment is not a concrete injury cognizable in federal court. Spokeo, Inc. v. Robbins, 136 S. Ct. 1540, 1548 (2016) ("A 'concrete' injury must be 'de facto'; that is, it must actually exist").

While Plaintiff alleges that animals were injured in the testing about which she complains, the Article III "judicial power exists only to redress or otherwise to protect against injury to the complaining party." Warth, 422 U.S. at 499. In other words, "[t]o meet the injury-in-fact requirement, the party seeking relief must be [herself] among the injured." Cmty. Stablilization Project v. Cuomo, 199 F.R.D. 327, 331 (D. Minn. 2001) (Montgomery, J.) Because Plaintiff suffered no concrete and particularized injury, she does not have standing to pursue her claims.

Even had Plaintiff sufficiently demonstrated an injury, she has not established that such injury is traceable to Defendants' conduct. She complains about animal testing at Lovelace's New Mexico facility, ostensibly at the behest of Defendant automobile manufacturers. How Netflix or the EPA are responsible for this conduct is unexplained.

Finally, Plaintiff's alleged injury simply cannot be redressed by the relief she seeks. She asks that Defendants be held accountable for their behavior and ordered to pay money to a wildlife-protection organization. Such relief will not redress any injury Plaintiff could possibly have suffered here. The Complaint must be dismissed for lack of jurisdiction.

## B.     Failure to State a Claim

Nor has Plaintiff made out any claim on which relief can be granted. The state statutes she cites are laws criminalizing the abuse of animals or of children. 18 U.S.C. § 1801 prohibits videotaping a private area of an individual without his or her consent on federal lands. 42 U.S.C. §§ 1981 and 1986 prohibit racial discrimination and any conspiracy to discriminate. And 49 C.F.R. § 801.56 exempts certain personal information from public disclosure.

The federal civil rights statutes she quotes at length are wholly inapposite, as Plaintiff has not alleged that she is a member of a suspect class that is subject to discrimination on the basis of a protected characteristic. Additionally, there is no private right of action for the state criminal statutes she cites, nor can there be a federal cause of action for the alleged violation of those statutes. Finally, there is similarly no private right of action to enforce the federal criminal law she cites, which is inapplicable to this situation in any event. Her Complaint must be dismissed, and because there are no set of facts under which Plaintiff is entitled to relief against these Defendants for the conduct alleged, dismissal must be with prejudice. See Tatone v. SunTrust Mortg., Inc., 857 F. Supp. 2d 821, 832 (D. Minn. 2012) (Davis, C.J., adopting R. & R. of Mayeron, M.J.) (noting that dismissal is with prejudice "when a complaint is so deficient or defective that the court is

convinced that its defects cannot be cured through re-pleading").

**C.    Individual Defendant's Arguments**

**1.    EPA**

Plaintiff initially secured a Clerk's entry of default against the EPA, but the Court set that default aside.  (Docket No. 77.)  Although Plaintiff has now served both the EPA itself and the United States Attorney's Office for the District of Minnesota, she has yet to comply with the third service requirement, namely service of the summons and complaint on the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1)(B), (m).  The Assistant United States Attorney assigned to this case has repeatedly informed Plaintiff of her service obligations and Plaintiff has failed to comply.  At the hearing on the Motions to Dismiss, Plaintiff contended that proof of service on the Attorney General was contained in exhibits she filed.  The Court has examined Plaintiff's submissions and finds no support for Plaintiff's assertions.  The docket shows that Plaintiff served the EPA (Docket No. 54) and the United States Attorney's Office for the District of Minnesota (Docket No. 74), but there is no indication that the Attorney General of the United States was ever served.

The time for service has long expired.  Even if otherwise sufficient, the Complaint must be dismissed against the EPA on this basis alone.

**2.    Lovelace**

Lovelace argues that it has no contacts with Minnesota and thus the exercise of jurisdiction over it is improper.  Lovelace asserts that it conducts no business in Minnesota, employs no one in Minnesota, and has no other contacts with Minnesota.  Rather, Lovelace is located and conducts its research in New Mexico.  Plaintiff does not respond to this

argument in her opposition memorandum, and thus apparently conceding that this Court lacks jurisdiction over Lovelace.  Dismissal on this basis is also appropriate.

### 3.      Lack of personal involvement

Several Defendants also argue that the Complaint fails as against them because it does not allege any personal involvement.  The only entities specifically named in the Complaint's factual recitations are Netflix and Lovelace.  Plaintiff does not contend that any other Defendant did anything wrong, not even mentioning any conduct on the part of the auto manufacturers.  Plaintiff's allegations are plainly insufficient and the Complaint may be dismissed against the auto manufacturers and the EPA on this basis.

## D.      New Allegations

In her opposition memorandum, Plaintiff attempts to raise new allegations not contained in her Complaint.  Specifically, she contends that the auto manufacturers supplied a medical device to Lovelace, that this medical device killed animals, and that the provision of such device violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Pl.'s Opp'n Mem. (Docket No. 96) at 3.)  She also asserts that the monkeys involved in the testing may have been endangered species, and thus that the EPA had some heightened duty to oversee the alleged experiments.  (Id. at 5-6.)  Plaintiff cannot amend her Complaint in a brief in opposition to a Motion to Dismiss.  Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).  But the new allegations do not save her claims in any event.  Even if these allegations are true, they do not establish that she suffered any injury, and her lack of standing is fatal to her claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Volkswagen Group of America, Inc.'s Motion to Dismiss (Docket No. 15) is **GRANTED**;

2.      Daimler Trucks' Motion to Dismiss (Docket No. 23) is **GRANTED**;

3.      Netflix, Inc.'s Motion to Dismiss (Docket No. 30) is **GRANTED**;

4.      Lovelace Respiratory Research Institute's Motion to Dismiss (Docket No. 34) is **GRANTED**;

5.      United States Environmental Protection Agency's Motion to Dismiss (Docket No. 86) is **GRANTED**;

6.      BMW of North America, LLC's Motion to Dismiss (Docket No. 91) is **GRANTED**; and

7.      This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>August 2, 2018</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge